United States District Court
Southern District of Texas
**ENTERED**
July 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARVELIO CRUZ MARCELINO,       §
                               §
                Petitioner,    §
                               §
v.                             §       CIVIL ACTION NO. H-26-4819
                               §
RANDY TATE, et al.,            §
                               §
                Respondents.   §

## MEMORANDUM OPINION AND ORDER

Darvelio Cruz Marcelino ("Petitioner"), who is a citizen of Mexico, entered the United States without inspection on August 20, 2002.[1] On January 21, 2026, Petitioner was detained by Immigration and Customs Enforcement during a traffic stop.[2] On January 22, 2026, Petitioner was served with a Notice to Appear, charging him with removability.[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without

---

[1]Verified Petition for Writ of Habeas Corpus And Declaratory And Injunctive Relief for an Order to Show Cause ("Habeas Petition"), Docket Entry No. 1, p. 1; Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 2.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, p. 1.

[4]Respondents' MSJ, Docket Entry No. 5, p. 2.

a bond hearing violates due process.[5]    Petitioner also argues that his warrantless arrest violates the Fourth Amendment and 8 U.S.C. § 1357(a)(2).[6]   Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).   Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[7]  Petitioner has filed a reply.[8]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).   Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).   This mandatory detention does not violate substantive or procedural due process.   As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"   Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).   Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only

---

[5]Habeas Petition, Docket Entry No. 1, pp. 10-12 ¶¶ 26-38.

[6]Id. at 9-10 ¶¶ 20-25.

[7]Respondents' MSJ, Docket Entry No. 5, pp. 1-2.

[8]Petitioner's Opposition to Respondents' Motion for Summary Judgment and Motion to Deny as Premature; Renewed Motion to Grant Petition for Writ of Habeas Corpus as Unopposed or, in the Alternative, to Compel Compliance, Docket Entry No. 6.

has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Although Petitioner alleges he was arrested without a warrant in violation of the Fourth Amendment and § 1357(a)(2), "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus And Declaratory And Injunctive Relief for an Order to Show Cause (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 27th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-